GREAT SALT LAKE AMUSEMENT CO. v. LAGOON AMUSEMENT CO.

No. 4971. Decided December 12, 1930. (294 P. 301.)

*Irvine, Skeen & Thurman,* of Salt Lake City for appellant.

*Kelly & Schiller,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

This is an action brought by the Great Salt Lake Amusement Company for the conversion of its personal property by the Lagoon Amusement Company. Judgment was for the plaintiff in the sum of $967.74 and costs. The defendant appeals. Appellant seeks a reversal of the judgment because, as claimed by it, there is no evidence to support a judgment against it in excess of $214.77.

The evidence establishes without conflict these facts: During the year 1925 and for a number of years prior thereto the Lagoon Resort, located in Davis county, Utah, was owned by Lagoon Resort Company, a corporation of the state of Wyoming. In 1917 the Lagoon Resort Company leased, for a term extending to January 1, 1928, the Lagoon Resort to the Amusement Concession Company. In the spring of 1925 the Amusement Concession Company subleased to the plaintiff, until the close of the resort season of 1927, one of the buildings located at the Lagoon Resort. Soon after the lease was executed, the plaintiff installed in the leased building a concession known as Dinty Moore. The plaintiff expended for labor and material in the construction of the Dinty Moore the sum of approximately $1,288. Two of the officers of the plaintiff company directed the work of constructing the concession. They testified that their labor in so directing the work was of the reasonable value of $1,100. When completed, the Dinty Moore consisted of the following: A grotesque face through the mouth of which the patrons entered, an entrance hallway, two barrooms, a middle hallway, and an exit hallway. The face was in relief on the outside of the building. It was built over a wooden frame and made up of plaster reinforced with chicken wire and some metal lath. The three halls were constructed over a framework of 2x4's and 2x2's

covered on the sides with compo or cornell board and open at the top. The two barrooms were identical. Each was 18x20 feet. The floors and sides of the barrooms were built of lumber, and the ceilings of compo or cornell board. The entire building was constructed in sections so as to permit of removal without tearing the various sections apart. In each barroom there was a back and front bar, two mirrors, and two electric light shades. The building was wired for electric lights and contained about 85 electric light globes. It also contained a Klaxon horn and some bottles. The concession was operated by plaintiff during the resort seasons of 1925, 1926, and 1927. At the close of the resort season of 1927, padlocks were placed on the doors of the concession. The bars, mirrors, electric light globes, etc., were left in the building. During the fall of 1927 the lease of the Lagoon Resort held by the Amusement Concession Company was terminated by agreement. In the agreement terminating the lease the Amusement Concession Company transferred to the Lagoon Resort Company all of the buildings and concessions theretofore owned and operated by the Amusement Concession Company. During the month of January, 1928, the Lagoon Resort Company dismantled the Dinty Moore concession and moved most of the material to a nearby building known as the fun house. In the process of dismantling the Dinty Moore concession or before that time, the grotesque face was destroyed. The record is silent as to what became of the electric light globes, the Klaxon horn, and the bottles. The mirrors, bars, and the electric light shades which had theretofore been used in the Dinty Moore were also removed to the fun house. On February 23, 1928, the defendant corporation was organized, and about the same time the Lagoon Resort Company was organized under the laws of the state of Utah. The Lagoon Resort Company of Wyoming transferred to the Utah corporation of the same name the Lagoon Resort. Thereafter the Lagoon Resort Company of Utah leased the Lagoon resort to the defendant in this action.

On or about March 1, 1928, the defendant began to repair and remodel the fun house preparatory for the resort season of 1928. The following materials which had theretofore been a part of tthe Dinty Moore concession were used by the defendant in the process of repairing and remodeling the fun house: The floors, ends and sides of the two barrooms, four mirrors, two bars, compo or cornell board, the 2x4's and 2x2's which were used in the framework of the hallways, two back bars consisting of a shelf each, and four electric light shades. The market value of the materials and articles so used by the defendant was, at the time the same were used, the sum of $214.77. In arriving at this amount, 15 percent is deducted from the value of the new lumber, because, as the evidence shows without conflict, lumber depreciates in value at a minimum of 5 per cent annually, and the lumber which defendant used had been in use for three years. There is no evidence as to the market value of the back bars and the electric light shades, and therefore their value is not included in the sum of $214.77.

It is defendant's contention that the measure of damages that may be recovered for the conversion of personal property is the market value of the property converted at the time and place of the conversion, and that the evidence in this case will not support a judgment against the defendant in excess of $214.77. The plaintiff concedes the general rule to be as contended for by the defendant, but it urges that the measure of damages in this case is not limited by the general rule because of the circumstances under which the plaintiff was deprived of its property. Plaintiff argues that the judgment in the instant case should be affirmed because the defendant assisted in the conversion of the Dinty Moore concession, and therefore it should be held liable for the entire value of the concession even though only a part of the concession was used by the defendant, and also because the defendant commingled the materials which were taken from the Dinty Moore concession with its own materials in the repairing

and remodeling of the fun house. Cases are cited in plaintiff's brief which hold that one who assists in the conversion of property is liable to the owner for the value of the property converted even though the one so assisting does not himself receive all or any part of the property so converted. Cases are also cited in plaintiff's brief which hold that one who willfully and knowingly places the property of another in a situation where it cannot be recovered, or its true amount or value ascertained, will be compelled to surrender the whole, if his share cannot be distinguished, or respond in damages for the highest value at which the property in question can reasonably be estimated. We are unable to perceive wherein the evidence in this case brings it within either of the rules contended for by the plaintiff. The evidence shows that the officers of the Lagoon Resort Company of Wyoming, of the Lagoon Resort Company of Utah, and of the defendant were the same persons. It is also made to appear that the stockholders of these corporations were for the most part the same persons, but they did not hold the same proportion of stock in each of the corporations. The mere fact that two corporations have the same officers and stockholders does not render one of the corporations liable for torts committed by the other. It is not possible that the defendant assisted the Lagoon Resort Company in dismantling and removing the Dinty Moore concession, because such acts were committed before the defendant corporation came into existence. The defendant is not liable for such property as may have been destroyed, used or injured by the Lagoon Resort Company in the process of dismantling and removing the Dinty Moore.

There is no conflict in the evidence as to the amount, kind, and value of the property that was used by the defendant in repairing and remodeling the fun house, and the evidence offered touching those matters seems worthy of belief. Thus the evidence shows that the defendant converted to its own use property belonging to the plaintiff of the probable value of $214.77, but there

is no evidence which shows or tends to show that it converted or assisted in the conversion of any other property belonging to the plaintiff, excepting the back bar and electric light shades, the value of which is not shown. Defendant's liability is fixed by and limited to the value of plaintiff's property over which the defendant exercised dominion or control inconsistent with or in defiance of the rights of the plaintiff. The judgment appealed from is in excess of such value and should be reversed.

This cause is remanded to the district court of Salt Lake county with directions to grant a new trial; costs to appellant.

CHERRY, C. J., and EPHRAIM HANSON, STRAUP, and FOLLAND, JJ., concur.